these circumstances, and in light of my conclusion that a blanket rule is inappropriate, I would remand for further development of the Commonwealth Court's reasoning and a fuller explanation of the nature of the declaratory relief awarded. To the degree the Commonwealth Court's conclusion, consistent with Appellee's request for declaratory relief, is that Appellee's conduct and plans are reasonable, I believe some factual development may be necessary. I would admonish, however, in light of Appellee's undisputed right of access, that the initial burden of proof appropriately rests with the Department to demonstrate the reasonableness of conditions it seeks to impose. *Cf. Amoco*, 235 F.Supp.2d at 1171.

Justice TODD joins this dissenting opinion.

969 A.2d 536

**COMMONWEALTH of Pennsylvania, Appellant**

**v.**

**Daniel WHITE, Appellee.**

Supreme Court of Pennsylvania.

Argued April 14, 2009.

Decided April 29, 2009.

degree to which Appellee maintained that the bond condition was unreasonable. *See* R.R. at 335a.

As to stumpage fees, the trees of Oil Creek State Park certainly belong to the public at large, and it is not unreasonable for the Department to offer terms by which their necessary disposition will be administered. Again, the ultimate reasonableness of the offered terms appears to present a factual matter, particularly in light of the sought-after judicial declaration that Appellee's existing and proposed course of conduct was and is reasonable.

Suzan Elena Willcox, Esq., Hugh J. Burns, Jr., Esq., Philadelphia District Attorney's Office, for Commonwealth of Pennsylvania.

Owen W. Larrabee, Esq., Karl Baker, Esq., Jeffrey Paul Shender, Esq., Defender Association of Philadelphia, Philadelphia, for Daniel White.

BEFORE: CASTILLE, and SAYLOR, EAKIN, BAER, TODD, McCAFFERY and GREENSPAN, JJ.

### ORDER

PER CURIAM.

The appeal is dismissed as having been **IMPROVIDENTLY GRANTED.**

969 A.2d 536

**Peter DePAUL, Petitioner**

v.

**COMMONWEALTH of Pennsylvania and the Pennsylvania Gaming Control Board, Respondents.**

Supreme Court of Pennsylvania.

Argued May 13, 2008.

Decided April 30, 2009.